UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| HOYAL VICTOR HYMPHREYS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:21-CV-234-DCP |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), the Rules of this Court, and the consent of the parties [Doc.13]. Now before the Court is Plaintiff's Notice of Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. 23], and Attorney's Affirmation in Support of Motion for EAJA Fees [Doc. 24], both filed on August 31, 2022. Plaintiff requests that the Court enter an Order awarding $4,274.80 in attorney's fees, $17.58 in expenses, and $402.00 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

**I.  BACKGROUND**

Having exhausted his administrative remedies, Plaintiff filed a Complaint with this Court on June 28, 2021, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act [Doc. 1].

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration ("the SSA") on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit. *See* 42 U.S.C. § 405(g).

On April 27, 2022, Plaintiff filed a Motion for Judgment on the Administrative Record [Doc. 17].  On June 6, 2022, the parties filed a Joint Motion for Entry of Judgment Under Sentence Four, 42 U.S.C. § 405(g) [Doc. 20].  Based upon the parties' joint motion, the Court entered an Order of Remand Under Sentence Four of 42 U.S.C. § 405(g) [Doc. 21] on June 7, 2022, along with a Judgment [Doc. 22] in which the Court granted the joint motion to remand, denied as moot Plaintiff's motion for judgment on the administrative record, and remanded the case for further proceedings.

On August 31, 2022, Plaintiff filed the instant Notice of Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. 23], and Attorney's Affirmation in Support of Motion for EAJA Fees [Doc. 24].  The Commissioner then filed Defendant's Response to Plaintiff's Application for Attorney Fees Pursuant to the Equal Access to Justice Act [Doc. 27] on September 29, 2022.  The Commissioner states in the response she has "no objection to an award of EAJA fees in the amount of $4,724.80" and "agrees that Plaintiff should be compensated for the filing fee of $402.00," with the caveat it should be paid from the Judgment Fund administered by the United States Treasury since "[t]he filing fee is a cost which is distinguished from an expense under the EAJA" [*Id.* at 1 (citing 28 U.S.C. § 2412(a))].  The Commissioner's response omits any reference to Plaintiff's request for $17.58 in expenses.

**II.     FEES AND EXPENSES**

**A.     Statutory Conditions**

In order to award fees and expenses under the EAJA, four conditions must be met:

1. Plaintiff must be a prevailing party;

2. the Commissioner's position must be without substantial justification;

> 3. no special circumstances warranting denial of fees may exist; and
>
> 4. the application for attorney fees must be filed within 30 days of the final judgment in the action.

*See* 28 U.S.C. § 2412(d)(1); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). For the reasons discussed below, the Court finds all four conditions have been met in this case.

### 1. Plaintiff is the Prevailing Party

Plaintiff obtained a "sentence four" remand [Doc. 22], which, for purposes of EAJA fees, renders her a "prevailing party." *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (obtaining a sentence-four judgment reversing denial of benefits meets the "prevailing party" requirement). The Court finds the first condition for awarding fees and expenses under the EAJA has therefore been met.

### 2. The Commissioner's Position was Without Substantial Justification

To satisfy the "substantial justification" requirement, the Commissioner's position must be justified "both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). "The Government bears the burden of proving that a given position was substantially justified, and it discharges that burden by demonstrating that the position had a 'reasonable basis both in law and fact.'" *DeLong v. Comm'r Soc. Sec. Admin.*, 748 F.3d 723, 725–26 (6th Cir. 2014) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (other citations omitted). In this case, the Commissioner has stated that she does not oppose Plaintiff's request for attorney's fees under the EAJA [Doc. 27].[2] The Court therefore finds that the second condition for granting attorney's fees and expenses under the EAJA has been met.

---

[2] Although the Commissioner did not state in her response that she has no objection to Plaintiff's request for $17.58 in expenses, she also did not argue her position was substantially justified as it relates to these expenses or that Plaintiff was not otherwise entitled to these expenses.

3

### 3. There are No Special Circumstances Affecting an Award of Fees or Expenses

The Court is not aware of, and the parties have not cited to, any "special circumstances" that would otherwise make an award of attorney's fees or expenses unjust. Therefore, the Court finds that the third condition for granting attorney's fees and expenses under the EAJA has been met.

### 4. Plaintiff's Request for an Award of Fees and Expenses is Timely

In support of her motion for attorney's fees and expenses, Plaintiff's counsel submitted an affidavit and accompanying exhibits that included an itemized statement detailing the work performed in this case on behalf of Plaintiff—which amounted to 2.1 attorney hours in 2021 at an hourly rate of $196.00, 17.2 attorney hours in 2022 at an hourly rate of $206.00, 6.4 paralegal hours at an hourly rate of $50.00, and $17.58 in "Certified Mail Expenses" [Doc. 24 p. 2; Doc. 24–2; Doc. 24–3; Doc. 24–4]. The Court observes both that the motion includes a proper application for fees, *see* 28 U.S.C. § 2142(d)(1)(B) (requiring "an itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed"), and that it was filed within the proper timeframe. *See id.* (requiring the prevailing party to file the application "within thirty days of final judgment"); *Shalala*, 509 U.S. at 302 (holding the 30-day timeframe begins to run sixty days after the Court enters a judgment if the case is not appealed (citing Fed. R. App. P. 4(a))). The Court therefore finds that the fourth condition for granting attorney's fees and expenses under the EAJA has been met.

---

Plaintiff therefore waived any argument that the third condition was not met as to these expenses.

### B. Reasonableness of the Fees and Expenses

Having found all four conditions have been met for granting fees and expenses under the EAJA, the Court must next consider whether the requested fees and expenses are reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). Plaintiff requests $4,274.80 in fees, including $3,954.80 in attorney's fees, $320.00 in paralegal fees, and $17.58 in expenses [Doc. 24 p. 2]. In her response, the Commissioner states she has no objection to the Court awarding the requested fees. She fails, however, to note her stance as to the $17.58 in expenses. For the reasons discussed below, the Court finds Plaintiff's requested fees and expenses are reasonable.

#### 1. Attorney's Fees

Reasonable attorney fees under the EAJA, "shall be based upon prevailing market rates for the kind and quality of the services furnished, . . . and (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "In requesting an increase in the hourly-fee rate, [p]laintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). In order to prove an award in excess of $125.00 per hour, plaintiffs must "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

"This district historically relies on the formula set forth in *Cook v. Barnhart*, which relies on the annual average Consumer Price Index ("CPI") divided by 100.3." *Ownby v. Colvin*, No. 3:13-CV-722-TAV-CCS, 2015 WL 17578750, at *5 (E.D. Tenn. Apr. 17, 2015). The Court will

5

use the cost-of-living formula approved in *Cook v. Barnhart*, 246 F. Supp. 2d 908, 910 (E.D. Tenn. 2003), to calculate the appropriate hourly rate in this case. "Pursuant to *Cook*, the hourly rate is $125.00 per hour multiplied by 'the prior year's annual average' CPI." *Ownby*, 2015 WL 17578750, at *5. The calculated hourly rate may be rounded up or down as appropriate. *Id.* Using the *Cook* formula and the annual average CPI's for the previous year,[3] the Court calculates appropriate hourly rates of $196.00 for 2021, and $206.00 for 2022.

Plaintiff has requested a total of $3,954.80 in attorney's fees: $411.60 from work performed in 2021, based on 2.1 hours of work at an hourly rate of $196.00; and $3,543.20 from work performed in 2022, based on 17.2 hours of work at an hourly rate of $206.00. The Court finds Plaintiff's requested attorney's fees are reasonable because the number of hours worked is reasonable based on the information contained in the ledgers, Plaintiff's requested fee rate is identical to the Court's calculations under *Cook*, and the Commissioner does not otherwise oppose the requested fee award.

### 2. Paralegal Fees

A prevailing party may also receive fees for work requiring legal knowledge performed by paralegals. *Gunther v. Comm'r of Soc. Sec.*, 943 F. Supp. 2d 797, 804–05 (N.D. Ohio 2013); *Lay v. Astrue*, No. 10-346-DLB, 2012 WL 5988822, at *5 (E.D. Ky. Nov. 29, 2012) (paralegal services are tasks which require some legal knowledge but do not necessitate the direct involvement of an attorney and these tasks are compensable under the EAJA). On the other hand, fee requests for tasks that are purely clerical or secretarial in nature are not compensable. *See Missouri v. Jenkins*,

---

[3] The relevant CPI's are 157.077 for 2020, and 165.362 for 2021. *See* U.S. Bureau Lab. Stat., CPI for All Urban Consumers (CPI-U) South – Size Class B/C (accessed on Dec. 7, 2022), https://data.bls.gov/timeseries/CUURN300SA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true.

491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed" under fee shifting statutes, "regardless of who performs them."); *Synder v. Comm'r of Soc. Sec.*, No. 1:06-cv-2737, 2011 WL 66458, at *2 (N.D. Ohio Jan. 10, 2011) (the EAJA does not include payment of clerical tasks). The Court has reviewed the billing entries submitted by Plaintiff's counsel [Doc. 24; Doc. 24–1 & Doc. 24–3] for the claim of $320.00 in paralegal fees, and finds that Plaintiff's counsel has not attempted to include entries that are strictly clerical in nature, but has only submitted hours that require legal knowledge, such as preparing the EAJA fee request. The Court therefore finds that the requested paralegal fees are reasonable.

### 3. Expenses

Along with the requested attorney and paralegal fees, Plaintiff also requests $17.58 in expenses that are "related to service of process to serve the Defendants with the Summons and Complaint" [Doc. 24 p. 2]. The ledger provided by Plaintiff further states that these service-of-process expenses are for "Certified Mailing Expenses re: S&C packets as to Defendants" [Doc. 24-4]. Section 2412(d) permits a prevailing party to recover reasonable expenses in addition to reasonable fees. While certified mail expenses are not included in the list of "fees and other expenses" elucidated by 28 U.S.C. § 2142(d)(2)(A), courts in the Sixth Circuit have found this list to be non-exhaustive. *See Morris v. Comm'r Soc. Sec.*, No. 18-12090, 2019 WL 13215554, at *2 (E.D. Mich. Nov. 5, 2019). Accordingly, this Court and others in the circuit have found certified mail expenses related to service of process may be included in the award of fees and expenses under section 2142. *See id.*; *Morrell v. Kijakazi*, No. 3:20-CV-449-DCP, 2021 WL 9540408, at *2 (E.D. Tenn. Aug. 21, 2021); *Payne v. Kijakazi*, No. 3:20-cv-0390-SKL, 2021 WL 9540406, at *1–2 (E.D. Tenn. Oct. 5, 2021); *Adwell v. Colvin*, No. 1:14CV-00013-HBB, 2015 WL 222337, at

7

*2 (W.D. Ky. Jan. 14, 2015). In accord with these opinions and upon review of the ledger in this case, the Court finds the $17.58 in expenses in this case are reasonable and will be included in the award to Plaintiff.

## III. COSTS

Plaintiff requests "reimbursement of costs of $402.00 for the filing fee to initiate this civil action" [Doc. 24 p. 2]. Section 2412(a)(1) provides that, "a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action . . . against the United States." The judgment for costs "shall . . . be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation." 28 U.S.C. § 2412(a)(1). 28 U.S.C. § 1920, in turn, includes "[f]ees of the clerk and marshal" as applicable "costs." "Plaintiff's $40[2].00 filing fee qualifies as a 'cost' under § 1920(1)." *Adwell*, 2015 WL 222337, at *2. Thus, this Court finds Plaintiff is entitled to $402.00 in costs under § 2412(a)(1).

## IV. CONCLUSION

Based upon the foregoing, the Court finds that Plaintiff's Notice of Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [**Doc. 23**] is well-taken, and the same is **GRANTED**. The Court **ORDERS** an award of EAJA fees and expenses in the amount of **$4,292.38** to be paid to Plaintiff under EAJA, 28 U.S.C. § 2412(d) as well as an award of EAJA costs in the amount of **$402.00** to be paid to Plaintiff under EAJA, 28 U.S.C. § 2412(a). In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fees and expenses are payable to Plaintiff as the litigant and may be subject to offset a pre-existing debt that the litigant owes to

8

the United States. If Plaintiff owes no debt to the United States, the payment of EAJA fees and expenses can be made directly to Plaintiff's counsel per the assignment.

**IT IS SO ORDERED**.

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge